UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES OLEN MURRAY III,

Plaintiff,

-against-

LYNELLE MAGINLEY-LIDDIE, et al.,

Defendants.

25-CV-10019 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who currently is incarcerated at West Facility, brings this action *pro se*. He asserts claims for alleged violations of his right to practice his religion as a Native American. Plaintiff asserts claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and claims, under 42 U.S.C. § 1983, for alleged violations of his constitutional rights to the free exercise of religion and equal protection. By order dated December 11, 2025, the court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1]

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

The following facts are drawn from the complaint.[2] Plaintiff has been a pretrial detainee in the custody of the New York City Department of Correction ("DOC") on Rikers Island since February 7, 2025. (ECF 1 at 11.) His "sincerely held religious beliefs are in the Traditional Native American Way of Life otherwise known as the Traditional Native American Creed . . . ." (*Id.*)

Plaintiff brings this action against DOC Commissioner Maginley-Liddie, Assistant Commissioner Hossam George, "John Doe" Chief of Security, Assistant Chief of Security Charleton Lemon, and Director of Chaplaincy L. Philip. He alleges that Defendants, through their "policies, procedures, customs, practices [and] norms," are "depriving him of the opportunity to practice the traditional Native American way of life, creed and or religion. . . . ." (*Id.*)

According to Plaintiff, Defendants falsely claim that "the traditional Native American way of life, creed etc. is not deemed a religion by the courts . . . ." (*Id.* at 13.) Defendants have allegedly "wrongfully push[ed] him away from his religion of choice," and he is suffering "mental and spiritual pain." (*Id.*) Plaintiff seeks $10 million in damages and unspecified injunctive relief.

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

## DISCUSSION

### A. Short and Plain Statement of Claim

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader' s favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, " [t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

Plaintiff does not provide enough information to determine whether the allegations plausibly suggest that Plaintiff is entitled to relief from the defendants. Specifically, the complaint does not plead facts describing what occurred and what Defendants did or failed to do that violated his rights. For example, although Plaintiff states that Defendants have "push[ed] him away" from his religion, he does not describe the religious practices in which he was not permitted to engage, such as whether he was denied access to religious texts or participation in congregate religious services, or something else. Without concrete facts describing what occurred, Defendants cannot respond to the complaint. Plaintiff's complaint therefore does not comply with Rule 8, and the claims must be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. RLUIPA Claim**

RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution." *Williams v. Annucci*, 895 F.3d 180, 188 (2d Cir. 2018). To state a RLUIPA claim, "a plaintiff must first demonstrate that the state has imposed a substantial burden on the exercise of [his] religion; the burden then shifts to the state to demonstrate that the challenged policy or action furthered a compelling governmental interest and was the least restrictive means of furthering that interest." *Id.*; *Jova v. Smith*, 582 F.3d 410, 415 (2d Cir. 2009). A "substantial burden" is one that places "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Singh v. Goord*, 520 F. Supp. 2d 487, 498 (S.D.N.Y. 2007).

Although Plaintiff invokes RLUIPA and alleges generally that Defendants' policies and practices violated his religious rights, he does not allege concrete facts about what policies were being enforced and how these policies violated his religious rights. *See, e.g., Holt v. Hobbs*, 574 U.S. 352, (2015) (grooming policy that disallowed religiously motivated beards violated RLUIPA). Because Plaintiff has not alleged facts about what Defendants did or failed to do that imposed a substantial burden on the exercise of his religion, he does not state a claim for a violation of RLUIPA.[3] Plaintiff's claims under RLUIPA must therefore be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[3] *See generally Landor v. Louisiana Dep't of Corr. & Pub. Safety*, 146 S. Ct. 1931, 1938 (2026) (RLUIPA does not allow "plaintiffs to sue nonconsenting state employees in their private capacities for damages"). *See also Clark v. City of New York*, 560 F. Supp. 3d 732, 739 (S.D.N.Y. 2021) ("The law in this and other circuits is unsettled regarding whether money damages are available from municipalities under the RLUIPA."); *Gomez v. Westchester Cnty.*, No. 18-CV-00244 (NSR), 2021 WL 4443379, at *19 (S.D.N.Y. Sept. 28, 2021) ("[T]here is an open question of whether money damages may be sought against a municipality" under RLUIPA).

**C. Free Exercise Claim**

The First Amendment to the U.S. Constitution forbids the government from "prohibiting the free exercise" of religion. U.S. Const. amend I. To assess a Free Exercise claim in the prison context, "a court must determine (1) whether the practice asserted is religious in the person's scheme of beliefs, and whether the belief is sincerely held; (2) whether the challenged practice of the prison officials infringes upon the religious belief; and (3) whether the challenged practice of the prison officials furthers legitimate penological objectives." *Kravitz v. Purcell*, 87 F.4th 111, 128 (2d Cir. 2023); *see also Pineda v. Dutchess Cnty.*, No. 25-CV-4554 (JGLC), 2026 WL 867179, at *4 (S.D.N.Y. Mar. 30, 2026) (applying *Kravitz* to claims asserted by pretrial detainee).

Although Plaintiff alleges generally that Defendants' policies and practices violated his religious rights, he does not identify the challenged practice or practices. Accordingly, because Plaintiff does not allege concrete facts about what Defendants did or failed to do that violated his rights, the allegations fail to state a claim for a violation of his right to the free exercise of religion. The Court therefore dismisses Plaintiff's First Amendment claim for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**D. Equal Protection Claim**

The Fourteenth Amendment declares that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "The Equal Protection Clause 'is essentially a direction that all persons similarly situated should be treated alike.'" *Brown v. City of Oneonta*, 221 F.3d 329, 337 (2d Cir. 1999) (quoting *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985)). "To state a violation of the Equal Protection Clause, a plaintiff must allege 'that he [or she] was treated differently than others similarly situated as a result of intentional or purposeful discrimination.'" *Lopez v. Cipolini*, 136

F. Supp. 3d 570, 590-91 (S.D.N.Y. 2015) (quoting *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005)).

Plaintiff has not pleaded any facts that would support a claim of religious discrimination, and has not alleged concrete facts showing how he was treated differently than others who were similarly situated. Accordingly, Plaintiff's allegations fail to state a claim for a violation of his rights under the Equal Protection Clause and must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

**E. State Law Claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because it is unclear whether Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims. If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment dismissing Plaintiff's claims for the reasons set forth in this order.

**CONCLUSION**

The Court dismisses Plaintiff's federal claims, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), declines supplemental jurisdiction of any state law claims, 28 U.S.C. § 1367(c)(3), and grants Plaintiff leave to replead by filing an amended complaint within 30 days of the date of this order. An amended prisoner civil rights complaint form is attached to this order.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: August 20, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

______________________________________

______________________________________

Write the full name of each plaintiff.

_____CV_______________

(Include case number if one has been assigned)

-against-

**AMENDED COMPLAINT**

**(Prisoner)**

Do you want a jury trial?
☐ Yes ☐ No

______________________________________

______________________________________

______________________________________

______________________________________

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: ______________________________

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name Middle Initial Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City State Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: ______________________________

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 2:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 3:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 4:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: ______________________________

Date(s) of occurrence: ______________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI. RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: ____________